UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-22786-CIV-MORENO

PEDRO HERNANDEZ,

    Plaintiff,

vs.

NANJU CORPORATION d/b/a JUAN CAFETERIA, a Florida Corporation, and JUAN ALVARADO, an individual,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendants' Motion for Final Summary Judgment With Incorporated Statement of Undisputed Material Facts and Supporting Memorandum of Law **(D.E. No. 19)**, filed on **March 10, 2008**.

THE COURT has considered the motion, the response, the reply, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. All of the claims in the complaint are dismissed for the reasons stated below.

### Background

Plaintiff is a resident of Dade County, and at all times material, worked as a chef for Defendant Nanju Corporation d/b/a Juan Cafeteria, a Florida corporation. Defendant Juan Alvarado is the Vice President of Nanju Corporation. Nanju Corporation operates a restaurant, the Juan Cafeteria, in the Kendall area of Miami, Florida.

On October 24, 2007, Plaintiff filed a complaint against Defendants for unpaid overtime pursuant to the Fair Labor Standards Act. 29 U.S.C. § 207 (2008). Plaintiff claims that from May, 2007 through October, 2007, he worked in excess of 40 hours per week every week of his employment, and Defendants did not compensate Plaintiff at the overtime rate of time-and-a-half.

Defendants filed a Motion for Final Summary Judgment on March 10, 2008. Defendants deny that they owe Plaintiff any overtime wages. Additionally, Defendants deny that they are subject to the provisions of the Fair Labor Standards Act. Defendants argue that Nanju Corporation's gross annual sales for the Juan Cafeteria were less than the minimum amount of $500,000 required for enterprise coverage under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A)(ii). Defendants also argue that Plaintiff lacks individual coverage under the FLSA.

Plaintiff responded to Defendant's Motion for Final Summary Judgment on March 24, 2008, conceding that Defendants' tax filings reflect gross revenue in annual amounts less than $500,000. However, Plaintiff asserts that Defendants did not report all the revenue taken in by the business. Plaintiff estimates that the total revenue taken in by the Defendants on a yearly basis (including food sales, beer sales, check cashing revenue, and video poker machine revenue) is approximately 1.5 to 1.6 million dollars. Plaintiff concedes that individual coverage does not exist in this case.

## Standard For Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court's focus in reviewing a motion for summary

judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Allen v. Tyson Foods, Inc., 121 F.3d 542, 646 (11th Cir. 1997).

## Analysis

There are two types of coverage under the Fair Labor Standards Act—individual and enterprise coverage. To qualify for individual coverage, an employee must be "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Likewise, for a business to be subject to enterprise coverage, the business must be "engaged in commerce or in the production of goods for commerce." Id. Plaintiff bears the burden of demonstrating coverage under either theory under the Act. See Thorne v. All Restoration Services, Inc., 448 F.3d 1264 (11th Cir. 2006).

Plaintiff concedes that individual coverage does not exist in this case. See Plaintiff's Response in Opposition to Defendants' Motion For Summary Judgment (D.E. No. 25, p. 2). Based on this concession, no genuine issue of material fact exists with respect to individual coverage under the FLSA.

Plaintiff, however, denies Defendants' assertion that no enterprise coverage exists in this case. For enterprise coverage to apply, a business must be "engaged in commerce or in the production of goods for commerce." An enterprise is engaged in commerce if it:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A)

Defendants claim that no enterprise coverage exists because the business has never made gross revenue in excess of $500,000.  To indicate total sales, Defendants have submitted an affidavit and Nanju Corporation's income tax returns, which indicate the following gross sales for Juan Cafeteria: (1) $90,449 in 2006; (2) $94,886 in 2005; (3) $92,684 in 2004; (4) $92,456 in 2003; and (5) $90,087 in 2002.  Plaintiff concedes that based on these returns alone, Defendants did not gross $500,000 in the years 2002 to 2006.  However, Plaintiff asserts that these tax returns are inaccurate because the Defendants failed to report all business revenues.

As discussed above, the Plaintiff bears the burden of demonstrating coverage under the FLSA.  See Thorne, 448 F.3d 1264.  To support his claim, Plaintiff filed an affidavit with the court after Defendants moved for summary judgment.  In that affidavit, Plaintiff describes five ways in which he has observed Juan Cafeteria earn revenue: food sales, beer sales, check cashing revenues, video poker revenues, and revenues from prostitution.

Under Fed. R. Civ. P. 56(e), "Supporting and opposing affidavits shall be made on personal knowledge . . ."   Further:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e)

Plaintiff must present specific facts that are admissible in evidence.  "Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, upon 'information and belief' . . . from raising genuine issues of fact sufficient to defeat summary judgment."  Pace v. Capobianco, 283 F.3d 1275, 1278-9 (11th Cir. 2002) (citing Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir. 2000)).

-5-

As a short order cook, Plaintiff had limited duties, and had no personal knowledge of actual revenue taken in by Juan Cafeteria. While Plaintiff may know the average amount of food he prepared each day, the record does not indicate he had any knowledge or experience with the financial practices of the business. Plaintiff has failed to produce anything more than his own speculative beliefs in attempting to contradict Defendants' affidavit and tax returns.

This Court finds that Defendants falls greatly short of the minimum revenue requirements for enterprise coverage under the FLSA. Plaintiff failed to provide specific facts based on personal knowledge that show there is a genuine issue of material fact for trial. Therefore, Plaintiff's claim cannot survive Defendant's Motion for Summary Judgment.

## **Conclusion**

Defendants' Motion for Summary Judgment is GRANTED. The case is now closed, and Plaintiff's Motion to Extend Discovery Period **(D.E. No. 18)** is DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of April, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies Provided To:

Counsel of Record